UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEA BLACK,

        Plaintiff,

v.

PRIDE MOBILITY PRODUCTS CORPORATION, et al.,

        Defendant.

C15-2008 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Motion for Partial Summary Judgment filed by Defendant Pride Mobility Products Corporation ("Pride"), docket no. 79, is RENOTED for February 9, 2018. The Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Merits Health Products Co., Ltd. ("Merits Taiwan"), docket no. 82, and the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Merits Health Products, Inc. ("Merits USA"), docket no. 109, are also RENOTED for February 9, 2018. Oral argument on all three motions (docket nos. 79, 82, and 109) is SET for February 15, 2018, at 9:00 a.m.

(2) Plaintiff's Motion to Take the Deposition of Merits Health Products Co., Ltd., or Declarant Kuo-Chang Lee, docket no. 102, is GRANTED. The Court is satisfied that Plaintiff has put forward "some evidence" tending to establish that personal jurisdiction might exist over Merits Taiwan. *See Lufthansa Technik AG v. Astronics Advanced Elec. Sys. Corp.*, No. C14-1821RSM, 2016 WL 7899254, at *2 (W.D. Wash. Apr. 26, 2016). Merits Taiwan is DIRECTED to produce Kuo-Chang Lee or a designee under Fed. R. Civ. P. 30(b)(6) for a deposition to be completed no later than January 19, 2018. The deposition shall be limited to: (i) the topics contained in the Declaration of

MINUTE ORDER - 1

Kuo-Chang Lee, docket no. 85, and the Supplemental Declaration of Kuo-Chang Lee, docket no. 128; and (ii) Pride's role, if any, in the design of the drive assembly at issue. The deposition may be conducted by video conference or similar technology or in person and may be video recorded.

(3) Pride's Motion for Leave and to Compel Jurisdictional Discovery from Merits Taiwan, docket no. 97, is DENIED. The Court finds that Pride has failed to establish a "colorable basis" for the broad jurisdictional discovery it requests. Beyond the jurisdictional discovery outlined in Paragraph 2 above, the Court is satisfied that any additional discovery would not demonstrate facts sufficient to constitute a basis for specific jurisdiction over Merits Taiwan. *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

(4) Plaintiff is DIRECTED to file one supplemental response, if any, to the pending Motions to Dismiss, docket nos. 82 and 109, not to exceed twenty (20) pages, on or before February 2, 2018. Merits Taiwan and Merits USA may each file one supplemental reply, not to exceed ten (10) pages, on or before February 7, 2018.

(5) Plaintiff's request for extension under Rule 56(d) in responding to Pride's Motion for Partial Summary Judgment (docket no. 79), *see* docket no. 86, is GRANTED. Plaintiff is DIRECTED to file any supplemental response to the pending Motion for Partial Summary Judgment, docket no. 79, not to exceed twenty (20) pages, on or before February 2, 2018. Pride may file one supplemental reply, not to exceed ten (10) pages, on or before February 7, 2018.

(6) Plaintiff's Motion to Supplement the Record Regarding Plaintiff's Fed. R. Civ. P. 56(d) Request, docket no. 141, is GRANTED in part and DENIED in part as follows. The materials Plaintiff has submitted in support of her Rule 56(d) request are ACCEPTED; however, the Court has considered such evidence only to the extent it is admissible.

(7) Plaintiff's Motion to Compel Discovery, docket no. 106, is GRANTED. Pride is DIRECTED to produce full and complete responses to discovery, no later than January 12, 2018, relating to (i) the design of the drive assemblies; (ii) Pride's agreements with the purported manufacturer of those drive assemblies; and (iii) other incidents known to Pride alleging "freewheel" condition or brake failure. Plaintiff shall have the right to reopen the Fed. R. Civ. P. 30(b)(6) deposition of Pride's designee Michael Zablocky on the subject of the Michael Ashton incident. Mr. Zablocky may testify by video to minimize and accommodate any inconvenience.

(8) The parties are DIRECTED to confer and file a joint supplemental status report on or before January 3, 2018, proposing a trial date and pretrial schedule and outlining any other outstanding discovery issues. An in-court scheduling and status conference is SET for January 5, 2018, at 10:30 a.m.

MINUTE ORDER - 2

(9) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of December, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3