# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LEA BLACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRIDE MOBILITY PRODUCTS CORPORATION, a foreign corporation, *et al.*,<br><br>　　　　　Defendants. | NO. C15-2008-TSZ<br><br>ORDER RE-SETTING HEARING ON SECOND MOTION TO COMPEL AND DIRECTING SECOND JOINT STATUS UPDATE REGARDING DISCOVERY |

　　　　This matter comes before the Court *sua sponte*. The Court had initially set a hearing on plaintiff's Second Motion to Compel and First Motion for Sanctions, Dkt. 182, against defendant Pride Mobility Products Corporation ("Pride") for Friday, April 27, 2018. Due to an unfortunate miscommunication regarding the hearing date, the Court hereby reschedules the hearing on the motion for **Tuesday, May 15, 2018 at 10:00 a.m.** in Courtroom 12B at the U.S. District Court, 700 Stewart Street, Seattle, Washington.

　　　　The Court appreciated the parties' April 6, 2018 joint status update, which revealed that substantial progress had been made in narrowing the discovery issues in dispute. As several weeks have passed since the parties' submission, it is the Court's expectation that further production by Pride in the interim will have mooted additional issues. Indeed, Pride's response to numerous discovery requests by plaintiff was that it did not object to the request, and had in

ORDER - 1

fact "engaged IT services to comprehensively search Pride's internal systems to locate additional responsive material," which was ongoing. Due to the significant passage of time (approximately two months between Judge Zilly's initial referral of the motion and the new May 15 hearing date), the Court expects that substantial progress has been made by Pride in producing such responsive material, or else plaintiff's request for sanctions may be granted.

In anticipation of the May 15 hearing, the parties are directed to confer and file a second joint status update with the Court by no later than **Friday, May 4, 2018**, identifying the discovery issues still in dispute. With respect to the parties' primary disagreement concerning plaintiff's request that Pride produce unredacted product complaint files including the name, address and phone number for complaining customers, the Court makes the following observations to assist the parties in hopefully resolving their disagreement between themselves and/or preparing their Second Joint Status Update.

Based upon the current record, the Court is not presently satisfied that Pride has made a sufficient showing that it constitutes a "covered entity" under HIPAA. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") restricts health care entities from disclosure of "protected health information." Specifically, the Privacy Rule of HIPAA only applies to "covered entities," such as health plans, health care clearinghouses, and any health care provider who transmits health information in electronic form in connection with transactions. *See* 45 C.F.R. § 160.102(a)(3). Even if Pride does fall into the category of a healthcare provider, which it likely does not, HIPAA does not shield Pride from responding fully to plaintiff's discovery requests. *See* 45 C.F.R. § 164.512(e)(1)(i).

Regulations authorized by the HIPAA, 42 U.S.C. § 1320 *et seq.*, prohibit ex parte communications with health care providers regarding patients' medical condition without their consent, or importantly, a "qualified protective order." *See* 45 CFR § 164.512. HIPAA's privacy provisions allow for disclosure of medical information in judicial proceedings; however, the Act places certain requirements on both the medical professional providing the

information and the party seeking it. *See* 45 C.F.R. § 164.512(e) (2004). Specifically, the regulations authorized by HIPAA permit disclosure of protected health information in judicial proceedings in response to subpoenas or discovery requests if the party seeking the information provides (1) satisfactory assurance that it has made reasonable efforts to secure a protective order that both prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation, and (2) requires the return or destruction of the protected health information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(ii), (v).

To date, Pride has not explained why it believes it is a "covered entity" under HIPAA. It is also not clear whether the incident files contain any personal *medical* information relating to Pride customers, apart from a potential reference to a customer having received a prescription for a Pride scooter rather than simply electing to purchase it without a doctor's medical recommendation. Even if Pride is a "covered entity" under HIPAA, however, Pride must still produce the requested files in response to plaintiff's discovery requests. *See e.g., Kolosnitsyn v. Crystal Mountain*, Case No. C08-5035-RBL, 2009 WL 1867343, *2 (W.D. Wash. June 24, 2009) (granting plaintiff's motion to compel Crystal Mountain to produce an unredacted version of the Emergency Response Service injury report - including the injured individual's name and contact information – following an accident, because even if the EMS injury report is privileged healthcare information under HIPAA, HIPAA does not shield Crystal Mountain from its obligation to respond fully to discovery requests).[1] If the parties have not resolved their HIPAA dispute by the May 15 hearing, the Court will further explore the issue at that time.

---

[1] If the current protective order entered in this case is insufficient to satisfy the HIPAA regulations, the parties should confer and provide the Court with a proposed protective order that prohibits disclosure of medical information contained in the files for any purpose other than this litigation, and requires return or destruction of the files at the end of this lawsuit. Pride would then promptly produce the unredacted files upon entry of the protective order by the Court.

ORDER - 3

With respect to Pride's alternative assertion that an *in camera* review of the incident files by the Court is necessary due to concerns regarding attorney-client privilege and/or the work product doctrine, Pride should more thoroughly explain the factual and legal basis for its assertion of the privilege. For example, if the Court directs Pride to unredact the names and contact information for each complaining customer, and provide a privilege log to plaintiff with respect to any assertions of attorney-client privilege or work product protection for portions of the incident reports that reference internal legal advice, does that resolve the parties' current dispute? The parties should more thoroughly address any remaining claims of privilege in their second joint status update to enable to Court to issue a ruling during the upcoming hearing.

The Clerk is directed to send a copy of this Order to counsel for plaintiff, counsel for defendant Pride, and Judge Zilly.

DATED this 30th day of April, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge